UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RENEE BELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-496 NAB |
| | ) | |
| ARCHITECTURAL WOODWORK, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Wood Ventures Group, LLC's ("Wood Ventures") Motion for Summary Judgment. (Doc. 69.) The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 13.) For the following reasons, the Court grants Wood Ventures' Motion for Summary Judgment.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs previously moved for summary judgment against all three Defendants. (Doc. 49.) The Court granted summary judgment in favor of Plaintiffs and against Defendants Architectural Woodwork, Inc. ("AWC") and Ahmann, LLC ("Ahmann"). The Court denied summary judgment with respect to Plaintiffs' claim against Wood Ventures. (Doc. 62.) Wood Ventures then filed the present motion. (Doc. 68.) Wood Ventures and Plaintiffs both refer the Court to their prior briefing on Plaintiffs' Motion for Summary Judgment. (*See* Docs. 50, 51, 54-60.) No party has presented the Court with any additional facts or law.

The Court incorporates by reference the facts presented in its prior order (Doc. 62) and provides a brief summary here. The Carpenters Pension Trust Fund of St. Louis ("Pension Fund")

is a multi-employer pension plan within the meaning of the ERISA, 29 U.S.C. §§ 1002(2)(A) and (37)(A) which provides pension benefits to covered participants who meet the qualifications of such benefits. AWC was party to collective bargaining agreements which required it to make contributions to the Pension Fund. AWC was in the business of manufacturing custom woodwork, primarily for commercial and institutional projects. At all relevant times, James Ahmann Ryan had ownership interest in AWC.

AWC went out of business due to a loss of customers. AWC's last payroll was January 22, 2016, which reflected work performed by five employees who were members of the Carpenters Union through January 19, 2016. When AWC ceased operations, Mr. Ryan owned 92% of AWC. From February 2016 to April 2016, AWC's inventory, equipment and office furnishings were sold at auction for a gross sales price of $313,189.00. As is further explained below, AWC transferred the $313,189.00 in auction proceeds to Wood Ventures.

Wood Ventures Group, LLC is a limited liability company that was registered with the Missouri Secretary of State on December 16, 2015. Its Articles of Organization state that it was organized "for all valid business purposes." Since its formation on this date, James Ryan has owned 100% of its stock. According to Mr. Ryan, Wood Ventures was created for the purpose of collecting a secured debt that AWC owed to Mr. Ryan. From approximately 2011 through 2014, Mr. Ryan loaned AWC approximately $2,000,000, including unpaid interest. A Security Agreement and UCC filing recorded AWC's debt owed to Mr. Ryan. Once AWC received the $313,189.00 in liquidation proceeds from selling assets at auction, this sum was transferred to Wood Ventures, and Wood Ventures transferred the sum to Mr. Ryan, who retained it for personal use. According to Mr. Ryan, he structured his repayment through Wood Ventures because he did not want to be identified to AWC's other creditors:

> It was assumed that unhappy creditors would be calling and talking to my attorney's office and asking well, been told they're not going to get paid because everything is going to go to the secured creditor. And the question is who's the secured creditor. And it was felt that I would rather have them answer that as Wood Ventures Group, LLC as opposed to Jim Ryan.

(Doc. 56, ¶ 4.)

As of January 19 or 22, 2016, AWC withdrew from the Pension Fund. The Pension Fund calculated the withdrawal liability assessable to AWC to be $383,157. AWC has not paid any of the assessed withdrawal liability.

On April 10, 2017, the Pension Fund notified Wood Ventures and Ahmann via letter of the Pension Fund's position that these two entities were members of a common control group with AWC and thus were liable for AWC's withdrawal liability.

## II.   STANDARD OF REVIEW

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a). The Court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.,* 971 F.2d 132, 134 (8th Cir. 1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## III.   DISCUSSION

Under ERISA, covered employees are protected by insuring their benefits against insolvency or termination of their pension funds. The MMPA amended ERISA to impose mandatory liability on all withdrawing employers of multiemployer plans for their proportionate shares of unfunded vested benefits. 29 U.S.C. § 1381. The withdrawing employer is not the only

entity that can be held liable. For purposes of assessing and collecting withdrawal liability, all "trades or businesses" under "common control" with the withdrawing employer are treated as a single entity. 29 U.S.C. § 1301(b)(1). Each trade or business found to be under common control is jointly and severally liable for any withdrawal liability of any other. *See Central States, Southeast and Southwest Areas Pension Fund v. SCOFBP, LLC,* 668 F.3d 873, 876 (7th Cir. 2011).

The Court previously found that Wood Ventures was under common control with AWC. (Doc. 62.) The issue that remains is whether Wood Ventures is a "trade or business" within the meaning of § 1301(b)(1).

In the January 19, 2021 order granting in part and denying in part Plaintiffs' motion for summary judgment, the Court set out the applicable law regarding how courts determine whether an entity is a "trade or business." (Doc. 62 at 10-13.) The Court incorporates by reference that discussion here. Briefly, it is important to note that the Eighth Circuit has provided little guidance as to what constitutes a "trade or business;" however, courts typically engage in a factual inquiry to make the determination. *See Vaughn v. Section,* 975 F.2d 498, 502 (8th Cir. 1992). Additionally, several courts utilize the *Groetzinger* test to analyze the "trade or business" inquiry. *See, e.g., Cent. States Se. Sw. Areas Pension Fund v. Messina Prod., LLC,* 706 F.3d 874, 878 (7th Cir. 2013) (citing *Commissioner of Internal Revenue v. Groetzinger,* 480 U.S. 23, 107 S.Ct. 980, 94 L.Ed.2d 25 (1987)). The "*Groetzinger* test" requires that an activity must be performed (1) for the primary purpose of income or profit, and (2) with continuity and regularity, to be considered "trade or business." *Id.* In *Groetzinger,* the Court distinguished between "sporadic activity, a hobby, or an amusement diversion," on the one hand, and a trade or business, on the other. *Groetzinger,* 480 U.S. at 35.

4

In the present motion, the burden is on Wood Ventures to show there are no genuine issues of material fact such that no reasonable fact finder could find that Wood Ventures was a trade or business. For the reasons stated in the January 19, 2021 order and stated herein, the Court finds Wood Ventures has met this burden. First, there are not sufficient facts to show Wood Ventures' primary purpose was for income or profit. In making the primary-purpose-of-income-or-profit determination, courts consider the facts and circumstances that distinguish between operating for income or profit and operating for "personal" reasons. *See Groetzinger,* 771 F.2d 269, 274 (7th Cir. 1985), *aff'd,* 480 U.S. 23. The undisputed facts show that Wood Ventures' only activity was to act as a secured creditor to collect debt owed by AWC to Mr. Ryan. It is undisputed that Mr. Ryan had a Security Agreement and UCC filing securing loans Mr. Ryan made to AWC of approximately two million dollars. Wood Ventures was assigned the debt owed by AWC, and collected AWC's liquidation proceeds of $313,189 and transferred the sum to Mr. Ryan. Mr. Ryan testified that the reason for repayment of the secured debt through Wood Ventures was so that he would not be identified to AWC's other creditors. Such a reason is personal rather than for the generation of income or profit, and Plaintiffs have not presented facts to suggest an alternative purpose that would satisfy the income-or-profit prong.

Second, Plaintiffs have not presented any additional facts to suggest that Wood Ventures had additional operations or activities. Wood Ventures' one-time transfer of funds is insufficient to demonstrate continuous or regular activity to meet the second prong of the *Groetzinger* test. *See, e.g., Cent. States, Se. & Sw. Areas Pension Fund v. Fulkerson*, 238 F.3d 891, 895 (7th Cir. 2001) (mere possession of a property, without more, is the hallmark of an investment and not a regular or continuous trade or business activity).

Lastly, Wood Ventures correctly points out that the one-time transfer of funds took place *after* AWC's January 2016 withdrawal from the Pension Fund. In determining control group liability, courts analyze the relationship in the time period *before* the employer withdraws from the pension fund. *See, e.g., UFCW Loc. One Pension Fund v. Enivel Properties, LLC*, 791 F.3d 369, 373 (2d Cir. 2015) ("The relevant time period for evaluating whether an entity is a trade or business is the period before the employer withdraws"); *SCOFBP, LLC*, 668 F.3d at 880 (analyzing the relationship at the time of withdrawal); *Teamsters Pension Tr. Fund of Philadelphia v. Brigadier Leasing Assocs.*, 880 F. Supp. 388, 396 (E.D. Pa. 1995) ("Withdrawal liability is imposed only on those trades and businesses that are under common control with the withdrawing employer on the date of withdrawal."). Although Wood Ventures was registered as an LLC by Mr. Ryan on December 16, 2015, Plaintiffs cannot point to any other activity undertaken by Wood Ventures until after the liquidation of AWC's inventory, which took place from February through April of 2016. Accordingly, there are no disputed facts to suggest Wood Ventures was a trade or business such that it should be considered an employer under the MPPAA prior to AWC's withdrawal. The Court grants Wood Ventures summary judgment on this issue.

Accordingly,

**IT IS HEREBY ORDERED** that Wood Ventures Group LLC's motion for summary judgment (Doc. 69) is **GRANTED**.

An appropriate judgment will accompany this memorandum and order.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of May, 2021.